UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Eric Tobler
Plaintiff in Pro Per
7809 Raintree Dr.
Ypsilanti, MI 48197
(734) 480-4351
      -Plaintiff,
v.

Stephen Tobler
9801 Joslin Lake Rd
Chelsea MI 48118
    - Defendant

Retired Judge Timothy Connors, in their individual capacity
3003 Hilltop Dr
Ann Arbor, MI 48103
connorsfacilitation@gmail.com
    - Defendant

Current Judge Honorable Tracy E. Van den Bergh, in their official capacity
Washtenaw County Circuit Court
101 E Huron St
Ann Arbor, MI 48104
    - Defendant

Darren Findling
414 W Fifth St.
Royal Oak MI 40867
(248) 399-3300
    - Defendant

The Probate Pro
414 W Fifth St.
Royal Oak MI 40867

Case: 5:25−cv−13384
Assigned To : Levy, Judith E.
Referral Judge: Patti, Anthony P.
Assign. Date : 10/23/2025
Description: CMP Tobler v. Tobler, et al (jo)

1

(248) 399-3300
 - Defendant

Findling Law
414 W Fifth St.
Royal Oak MI 40867
(248) 399-3300
 - Defendant

Joseph W. Phillips (P34063)
Conlin, McKenney & Philbrick, P.C.
350 S. Main Street, Suite 400
Ann Arbor, MI 48104
(734) 761-9000; Fax: (734) 761-9001
phiiiips@cmplaw.com
 - Defendant

Randolph T. Barker (P62604)
Conlin, McKenney & Philbrick, P.C.
350 S. Main Street, Suite 400
Ann Arbor, MI 48104
(734) 761-9000 barker@cmplaw.com
 - Defendant

Conlin, McKenney & Philbrick, P.C.
350 S. Main Street, Suite 400
Ann Arbor, MI 48104
 - Defendant

\-------------------------------------------------------------------------------------------------------
------------/

Civil Action No. _____                    **Demand For Jury Trial**

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

Plaintiff, Eric Tobler, pro se, alleges as follows:

## I. INTRODUCTION

This is a civil action seeking damages and other relief for the deprivation of the

Plaintiff's constitutional rights under the First, Fifth and Fourteenth Amendments to the

United States Constitution, in violation of 42 U.S.C. § 1983.

## II. JURISDICTION AND VENUE

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, which provides for

federal question jurisdiction, and 28 U.S.C. § 1343(a)(3), which provides jurisdiction

over actions to redress the deprivation of rights secured by the Constitution and laws of

the United States. This action is brought pursuant to 42 U.S.C. § 1983, which authorizes

claims against persons acting under color of state law who violate federally protected

rights.

## III. PARTIES

Plaintiff is a resident of Ypsilanti Michigan, Washtenaw County and was the plaintiff in

a civil action in Michigan Circuit Court, Case No. 17-000248-NZ.

Defendant, Ex-Judge Timothy Connors, was a judicial officer of the **CIRCUIT COURT**

**FOR THE COUNTY OF WASHTENAW**, and at all relevant times acted under color

of state law. Plaintiff sues Defendants in their individual capacity. Defendant, Ex-Judge Timothy Connors is also sued in their individual capacity. They are a resident and property holder in Washtenaw County.

Defendant Judge Tracy E. Van den Bergh is a sitting judicial officer of **CIRCUIT COURT FOR THE COUNTY OF WASHTENAW**, sued in their official capacity for injunctive and declaratory relief.

All other Defendants work, live, or do business within Washtenaw County Michigan. And did so at the time they acted in concert under the color of state law.

## IV. FACTUAL BACKGROUND

Plaintiff initiated a civil lawsuit against Defendant Stephen Tobler in 2017, which concluded with a settlement agreement and a dismissal with prejudice entered by the court in 2018.(Exhibit A)

The dismissal order did not incorporate the settlement agreement nor did it retain jurisdiction to enforce it.

4

Despite the case being closed, Defendant Stephen Tobler filed a motion asserting breach of the settlement agreement in the same dismissed case in 2022 (four years after the case was dismissed with prejudice).

Plaintiff objected, asserting that the court lacked subject-matter jurisdiction to enforce or adjudicate the settlement agreement post-dismissal. And also noting that the settlement agreement required Defendant Stephen Tobler to take any new claim before the Arbitrator.

The dismissal with prejudice closed the case permanently in 2018. Yet Defendant Ex-Judge Connors, without subject-matter jurisdiction, decided to hear new causes of action in 2022. Fully two years after the dismissal of the original case.

One of Defendant Stephen Tobler's new claims was that Plaintiff's online speech was offensive. Defendant Ex-Judge Connors proceeded to threaten Plaintiff with contempt of court if Plaintiff did not remove his lawful speech.

Defendant  Ex-Judge Connors proceeded to enter a judgment against Plaintiff, for two new causes of action, despite the case being closed and jurisdiction lacking.

Looking at the court records, in the original case in question, no complaint was filed against Plaintiff for defamation. The original case (Exhibit E Original Complaint) only had causes of action against Defendant Stephen Tobler for Mutilation, and IIEH/IIED. Defendant filed no counter-complaint or counter-claims.

Plaintiff was never served a complaint for the two new causes of action filed by a motion in 2022 (defamation or breach of the settlement agreement.) The Connors' court never had subject-matter jurisdiction to hear a new (2022) complaint four years AFTER the case was dismissed with prejudice (2018).

All Defendants acted in concert and collusion to remove Plaintiff's online speech.

Defendant's actions were taken in complete absence of jurisdiction and outside the scope of lawful judicial authority. And Plaintiff has suffered the unlawful taking of his First Amendment right to Freedom of Expression.

On May 4, 2022, there was a hearing titled a "Defendant's Post Judgement Motion." Defendant, Ex-Judge Connors stated on the record, "the local lockup is right there." Pointing in the direction of the jail cells. In an attempt to intimate Plaintiff to remove his legal online speech.

Defendant, Ex-Judge Connors then adjourned the hearing without any testimony, hoping his unlawful intimidation would get Plaintiff to remove his legal, online speech.

Eventually Defendant Stephen Tobler refiled his motion. On October 26, 2022, Defendant Ex-Judge held a court session where he had two law-enforcement offers rattle chains behind Plaintiff to intimidate. Threatening that unless Plaintiff removed his legal, online speech, Ex-Judge Defendant would hold Plaintiff in contempt, and jail him.

Working in concert with the Ex-Judge Defendant, the attorney Defendants presented an order to the judge at the October 26, 2022 hearing (Exhibit D). That order included three new causes of action that were asserted after the case in question was dismissed with prejudice in 2018 (four years after the dismissal with prejudice). That order included an unlawful order that Plaintiff would be enjoined from speaking.

That order was filed by the court on October 28, 2022.

Defendants moved for another hearing on Nov 9 2022 to see if Plaintiff had complied with Defendant Ex-Judge's void order, Defendant Ex-Judge Connors stated that he'd jail Plaintiff for a "significant amount of time" should he violate the order.

Defendant Ex-Judge Connors ordered the record be sealed to conceal his wrongdoing.

Plaintiff request the record be unsealed so that these transcripts can be used as evidence against all these Defendants as it documents the unlawful testimonial – and lack of any meaningful hearing. And shows Plaintiff was blocked from presenting any defense.

As a result, Plaintiff suffered denial of due process, prior restraint, violation of his first amendment freedom of expression, emotional and physical harm. And the taking/gag of Plaintiff's freedom of expression for almost three years. In addition, Plaintiff has suffered the harms enumerated below.

Defendant's actions were taken in complete absence of jurisdiction and outside the scope of lawful judicial authority.

**Lack of Authority to act as the Arbitrator.**

Defendant Ex-Judge Connors, and all other Defendants, sought to have Defendant Ex-Judge Connors act as the Arbitrator.

Defendant Stephen Tobler's motion states: "Defendant relies on the terms of the Release and Settlement Agreement dated June 25, 2018." (Listed as Defendant's Exhibit 2 - "Release and Settlement Agreement") Attached to Plaintiff's suit as Exhibit B.

One of the terms of this agreement is that, Arbitrator shall have exclusive jurisdiction over the terms. The Arbitrator alone, has authority to resolve disputes (@ Paragraph 11 **Exhibit B** - on page 8).

> "**11. In the event of a dispute regarding the performance or in the interpretation of the terms and conditions as set forth in this Settlement Agreement, the Parties agree to submit to John A. Hohman for binding arbitration.**"

Defendant Ex-Judge Connors knew that Michigan has a statute that strips the court of subject-matter jurisdiction where there is an agreement that a dispute is the domain of the arbitrator.

Plaintiff filed briefs documenting court rulings – but Ex-Judge Connors read these and ignored them.

The Michigan appellant court rulings on subject-mater jurisdiction and arbitration of settlement agreements (see Exhibit I).

The United States Supreme court rulings on subject-mater jurisdiction and arbitration of settlement agreements(See Exhibit I).

Defendant Ex-Judge Connors trampled on Plaintiff's rights and assert jurisdiction where he had none. Connors was acting under the color of law. He violated Plaintiff's rights and unlawfully enjoined Plaintiff from speaking. Connors acted without jurisdiction, he is not protected by judicial immunity. Ex-Judge Connors ventured into the arbitrator's domain, he committed judicial misconduct.

Defendant Ex-Judge Connors acted as the Arbitrator which is outside his official, authorized position. He acted in the absence of all jurisdiction when he issued his order in Oct of 2022.

Defendant Judge Tracy E. Van den Bergh is acting with jurisdiction when she is threatening to enforce a void judgement where the court lacks subject-matter jurisdiction in a case that was dismissed with prejudice.

The other Defendants acted in concert with Ex-Judge Connors to violate Plaintiff's rights. They also acted under the color of law to obtain an unlawful benefit.

Now Plaintiff seeks to have the unlawful order vacated, and the record unsealed.

## V CAUSE OF ACTION

### General Facts Germain to All Causes of Actions Below

1) Defendant (all and each), read the dismissal with prejudice that was entered by the court in 2018. (Exhibit A)

2) Defendants Attorney Darren Findling, Joseph W. Phillips (P34063) and Ex-Judge Connors all signed the dismissal with prejudice entered by the court in 2018. (Exhibit A)

3) The dismissal with prejudice entered by the court in 2018.(Exhibit A) does NOT explicitly state the State Court has jurisdiction over the "Release and Settlement Agreement" (Exhibit B).

4) The dismissal with prejudice entered by the court in 2018.(Exhibit A) did NOT contain a copy of the "Release and Settlement Agreement" (Exhibit B).

5) The "Release and Settlement Agreement" (Exhibit B), states that the Arbitrator shall have exclusive jurisdiction over the terms - to resolve disputes. (@ Paragraph 11 **Exhibit B** - on page 8).

**"11. In the event of a dispute regarding the performance or in the interpretation of the terms and conditions as set forth in this Settlement**

**Agreement, the Parties agree to submit to John A. Hohman for binding**

**arbitration.**"

6) Defendants acted, and are acting, under the color of law where there the State Court does not have, nor did it have, authority.

7) Ex-Judge Defendant Connors never had subject-matter jurisdiction over new causes of action, asserted by motions, for Defamation.

8) Defendant Ex-Judge Connors acted without authority as the Arbitrator. And issued a court order under the color of law, without subject-matter jurisdiction.

9) Defendant The Probate Pro, Findling Law and Conlin, McKenney & Philbrick, P.C. each have a policy and customary practice to win for their clients even by violating the due process rights of opposing parties.

10) Defendant The Probate Pro, Findling Law and Conlin, McKenney & Philbrick, P.C. each employ attorneys that violated Plaintiffs rights under the color of law.

11) Defendant The Probate Pro, Findling Law and Conlin, McKenney & Philbrick, P.C. each acted in concert with Defendant Ex-Judge Connors under the color of law.


12) Defendant attorneys Darren Findling, Joseph W. Phillips (P34063) and Randolph T. Barker (P62604) each acted in concert with Defendant Ex-Judge Connors under the color of law.

12

13) Defendant Stephen Tobler acted in concert with Defendant Ex-Judge Connors under the color of law.

14) These actions above, violated Plaintiffs rights under the color of law.

15) These actions above, violated Plaintiffs rights with an unlawful gag order and forced Plaintiff to remove his online speech (an unlawful taking). All under the color of law.

16) In addition to the unlawful taking, Defendant (all and each) cost Plaintiff money, emotional harm, physical harm, and other harms enumerated below.

## Count I – Due Process Violation - Jurisdictional Overreach

17) Each and every allegation above is incorporated herein.

18) Defendant Ex-Judge Connors tired new claims in a closed case without jurisdiction.

19) Defendant Ex-Judge Connors had no immunity due to lack of jurisdiction.

20) Defendant Ex-Judge Connors, acting under color of state law, deprived Plaintiff of rights secured by the Constitution, including the Due Process Clause of the Fourteenth Amendment, by issuing a judgment and gag order (enjoining) in a case over which the court had no subject-matter jurisdiction.

21) All other Defendants worked in concert with Ex-Judge Connors, acting under color of state law, depriving Plaintiff of rights secured by the Constitution, including the Due

Process Clause of the Fourteenth Amendment, benefiting from a judgment and gag order (enjoining) in a case over which the court had no subject-matter jurisdiction.

22) Defendant Ex-Judge Connors lacked Jurisdiction over settlement agreement enforcement.

23) Defendants violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment by enforcing a settlement agreement in a case that had been dismissed with prejudice, without retaining jurisdiction or incorporating the agreement into the dismissal order. See _Kokkonen v. Guardian Life Ins. Co. of America_, 511 U.S. 375 (1994); _State of Michigan v. Walmart Inc._, Wayne County Cir. Ct. (2024).

24) By issuing a judgment without jurisdiction, Defendant Ex-Judge Connors denied Plaintiff a fair legal process.


**Count II – Due Process Violation - Lack of Jurisdiction Over Defamation Claim**

25) Each and every allegation above is incorporated herein.

26) Defendant Ex-Judge Connors tried new claims in a closed case without jurisdiction.

27) Defendant Ex-Judge Connors had no immunity due to lack of jurisdiction.

28) Defendant Ex-Judge Connors, acting under color of state law, violated Plaintiff's rights under the Fourteenth Amendment Due Process Clause by adjudicating two new defamation claims in a case that had been closed.

29) The court lacked subject-matter jurisdiction to hear new causes of action post-dismissal. Defendant's judgment was issued in clear absence of jurisdiction.

30) All other Defendants worked in concert with Ex-Judge Connors, acting under color of state law, depriving Plaintiff of rights secured by the Constitution, including the Due Process Clause of the Fourteenth Amendment, benefiting from a judgment and gag order (enjoining) in a case over which the court had no subject-matter jurisdiction.

31) By issuing a judgment without jurisdiction, Defendant Ex-Judge Connors denied Plaintiff a fair legal process.

## Count III – Procedural and Substantive Due Process Violations

32) Each and every allegation above is incorporated herein.

33) Defendant Ex-Judge Connors, acting under color of state law, deprived Plaintiff of rights secured by the Constitution, including the Due Process Clause of the Fourteenth Amendment, by denying Plaintiff the chance to be heard, failed to read Plaintiff's legal briefs and using law enforcement officers to intimidate and threaten incarceration unlawfully.

34) Defendant Ex-Judge Connors, acting under color of state law, threatened civil contempt to compel compliance, but did not follow due process safeguards.

35) Defendant Ex-Judge Connors, acting under color of state law, threatened civil contempt to compel compliance, but was not authorized to act as the Arbitrator. Violating Plaintiff's Due Process rights.

36) All other Defendants worked in concert with Ex-Judge Connors, acting under color of state law, depriving Plaintiff of rights secured by the Constitution, including the Due Process Clause of the Fourteenth Amendment, benefiting from the court denying Plaintiff opportunity to be heard, denial of fair hearing, and threats of incarceration.

## Count IV – Denial of Procedural and Substantive Due Process - Fourteenth Amendment Violation

37) Each and every allegation above is incorporated herein.

38) Defendant Ex-Judge Connors, acting under color of state law, deprived Plaintiff of rights secured by the Constitution, including the Due Process Clause of the Fourteenth Amendment, both procedural and substantive due process by: Refusing to hold a meaningful hearing, Preventing Plaintiff from speaking or presenting a defense, using threats and intimidation, including law enforcement presence and physical coercion, to compel compliance.

39) These actions were taken in a non-judicial capacity and in clear absence of jurisdiction, and are not protected by judicial immunity. See _Bradley v. Fisher_, 13

Wall. 335 (1872); _Rankin v. Howard_, 633 F.2d 844 (9th Cir. 1980); _Rockett v. Eighmy_, 71 F.4th 665 (8th Cir. 2023).


40) All other Defendants worked in concert with Ex-Judge Connors, acting under color of state law, depriving Plaintiff of rights secured by the Constitution, including the Due Process Clause of the Fourteenth Amendment, benefiting from the court denying Plaintiff opportunity to be heard, denial of fair hearing, and threats of incarceration.


## Count V – Enforcement of Unlawful Judgment - Due Process Violation

41) Each and every allegation above is incorporated herein.

42) Defendant, Current Judge Honorable Tracy E. Van den Bergh, is acting under color of state law, deprived Plaintiff of rights secured by the Constitution, including the Due Process Clause of the Fourteenth Amendment, both procedural and substantive due process by continuing enforcement of a void judgment.

43) Defendant, Ex-Judge Connors, acting under color of state law, deprived Plaintiff of rights secured by the Constitution, including the Due Process Clause of the Fourteenth Amendment, both procedural and substantive due process by signing a judgment he knew was void.

44) All other Defendants worked in concert with these judges, acting under color of state law, depriving Plaintiff of rights secured by the Constitution, including the Due Process Clause of the Fourteenth Amendment, benefiting from the unlawful enforcement.

## Count VI Due Process Violation - Procedural

45) Each and every allegation above is incorporated herein.

46) The State, through all Defendants, involve the unlawful taking of plaintiff's liberty, and property.

47) Defendant, Ex-Judge Connors, acting under color of state law, deprived Plaintiff of rights secured by the Constitution, including the Due Process Clause of the Fourteenth Amendment, procedural by denying Plaintiff the right to call witnesses and present evidence in defense of the charges, the right to have a decision based solely on the evidence presented in court, right to be heard, rather than a person's right to prevail in a dispute.

48) The State, through all Defendants, treated Plaintiff unfairly, using threats, acting without subject-matter jurisdiction, and evading the Arbitrator as the sole party for enforcement of the settlement agreement.

## Count VII Due Process Violation - Substantive

49) Each and every allegation above is incorporated herein.

50) Defendant, Ex-Judge Connors, acting under color of state law, deprived Plaintiff of rights secured by the Constitution, including the Due Process Clause of the Fourteenth Amendment, substantive due process by signing a judgment he knew was void.

51) Defendant, Ex-Judge Connors, acting under color of state law, deprived Plaintiff of rights secured by the Constitution, including the Due Process Clause of the Fifth Amendment through the Fourteenth Amendment, substantive due process without sufficient justification.

52) Defendant, Ex-Judge Connors, acting under color of state law, did not have a compelling reason to act as the Arbitrator, threaten Plaintiff with incarceration, hear new causes of action in a case that was dismissed with prejudice.

53) All other Defendants worked in concert with these judges, acting under color of state law, depriving Plaintiff of rights secured by the Constitution, including the Due Process Clause of the Fourteenth Amendment, benefiting from the unlawful enforcement.


**Count VIII Due Process Violation - Contempt Abuse**

54) Each and every allegation above is incorporated herein.

55) Defendant, Ex-Judge Connors, acting under color of state law, deprived Plaintiff of rights secured by the Constitution, including the Due Process Clause of the Fourteenth Amendment, by Abuse of Contempt Power.

56) Defendant Stephen Tobler, through his attorneys, presented to Defendant, Ex-Judge Connors the settlement agreement in his motion in 2022.

57) Defendant, Ex-Judge Connors read, and understood the agreement which stated that any dispute would be resolved by the Arbitrator.

58) Instead of dismissing Defendant Stephen Tobler's motion, and directing parties to the Arbitrator, Defendant, Ex-Judge Connors unlawfully threatened Plaintiff with contempt and incarceration.


59) Defendant, Ex-Judge Connors abused his inherent contempt power to punish or coerce.

60) Defendant, Ex-Judge Connors acted as the Arbitrator, without any authority to do so.

61) Defendant, Ex-Judge Connors' unlawful act to threaten contempt without authority was illegal and a form of judicial misconduct. And Plaintiff has suffered because of this illegal act.

62) Defendant, Ex-Judge Connors' unlawful act to threaten contempt was arbitrary and retaliatory. He did not like Plaintiff's legal speech.

63) Defendant Stephen Tobler and his attorneys filed a motion so procedurally unsound as to preclude the Court from exercising its contempt powers over Plaintiffs without violating due process requirements.

64) Plaintiff asserts that Defendants violated well established case law with respect to motions for Contempt, and Arbitration law. Exhibit L Contempt Abuse, Exhibit J – Judges Due Process, Small Plaintiff, Case No. 23-31755-CB (Exhibit M – Arbitration. Michigan case law), Exhibit N – Arbitration Contempt Case

65) Defendant Stephen Tobler and his attorneys carefully plead their Counts in their Motion to masquerade as if demanding specific performance of the Settlement Agreement. However, reading the Motion as a whole, and by looking beyond mere procedural labels, it is clear that these Defendants wanted to evade arbitration and use the court under the Color of Law.

Exhibit N – Arbitration Contempt Case

66) Defendant, Ex-Judge Connors knew the contempt power is awesome and must be used with the utmost restraint (Exhibit N – Arbitration Contempt Case). Yet Connors used this power to bully, using this power willfully and wildly. And this violated Plaintiff's due process rights.

67) Defendant Stephen Tobler and his attorneys acted in concert with Connors to extract an unlawful taking and unlawfully deprived Plaintiff of this Due Process rights.


### Count IX – Declaratory Relief

68) Each and every allegation above is incorporated herein.

69) Defendant, Current Judge Honorable Tracy E. Van den Bergh is enforcing the void judgement as described in the Complaint.

70) This unlawful enforcement violates Plaintiff rights. Including Due Process rights secured by the Constitution.

71) Defendant, Current Judge Honorable Tracy E. Van den Bergh is acting under the Color of Law.

72) This court has the power to halt the current judge's unlawful acts based on § 2201 (Declaratory Judgment Act). That the judgment at issue in this case is void. (Exhibit K – Void Judgements). And that Defendant, Current Judge Honorable Tracy E. Van den Bergh knows they are acting under The Color of Law.

73) This court has the power to enjoin the current judge, Judge Honorable Tracy E. Van den Bergh, of enforcement of the judgment at issue in this case as it is void. And that Defendant Current knows they are acting under The Color of Law.

## Count X – First Amendment Retaliation

74) Each and every allegation above is incorporated herein.

75) As asserted before, the case in question was Dismissed with Prejudice in 2018.

76) The "Release and Settlement Agreement" (Exhibit B), states that the Arbitrator shall have exclusive jurisdiction over the terms - to resolve disputes. (@ Paragraph 11 **Exhibit B** - on page 8).

> "**11. In the event of a dispute regarding the performance or in the interpretation of the terms and conditions as set forth in this Settlement Agreement, the Parties agree to submit to John A. Hohman for binding arbitration.**"

77) Defendant, Ex-Judge Connors was irritated that the dispute came back to his court.

78) Instead of actually reading the "Release and Settlement Agreement" (Exhibit B), Defendant, Ex-Judge Connors acted under the Color of Law and decided that he'd unlawfully act as the Arbitrator.

79) Using an unlawful, illegal threat of incarceration, Defendant, Ex-Judge Connors coerced removal of Plaintiff's lawful speech.


80) Defendant, Ex-Judge Connors conduct was unlawful § 1983, non-judicial conduct.

81) All Defendants, working in concert with Defendant, Ex-Judge Connors acted under color of state law, deprived Plaintiff of rights secured by the Constitution,

including the Plaintiff's First Amendment right, by issuing a judgment and gag order (enjoining) in a case over which the court had no subject-matter jurisdiction.

82) Defendant, Ex-Judge Connors actions in a case over which he had no jurisdiction, were motivated by hate, malice and retaliation.

### Count XI – Prior Restraint and Retaliation Against Protected Speech - First Amendment Violation

83) Each and every allegation above is incorporated herein.

84) Instead of holding an actual hearing, Defendant, Ex-Judge Connors unlawfully threatened Plaintiff and to remove ALL his speech, legally protected or not.

85) When Plaintiff objected that the defamation claims were past the statute of limitations (1 year in Michigan) Defendant, Ex-Judge Connors ignore that.

86) Defendant, Ex-Judge Connors denied any real hearing and used intimidation and ordered prior restraint of anything Plaintiff may say in the future.

87) Defendant, Ex-Judge Connors actions violate Plaintiff's First Amendment right against prior restraint. And § 1983.

88) Defendant violated Plaintiff's First Amendment rights by issuing a gag order and threatening contempt and incarceration unless Plaintiff removed lawful online speech.

These actions constituted an unlawful prior restraint and retaliation against protected expression.

## Count XII – Right to Contract Violation

89) Each and every allegation above is incorporated herein.

90) Defendant Ex-Judge Connors tried new claims in a closed case without jurisdiction.

91) Defendant Ex-Judge Connors had no immunity due to lack of jurisdiction.

92) Defendant Ex-Judge Connors Deprived Plaintiff of Liberty. Similar to Meyer v. Nebraska (1923), the Court stated that liberty "denotes not merely freedom from bodily restraint but also the **right of the individual to contract**.

93) The "Release and Settlement Agreement" (Exhibit B), states that the Arbitrator shall have exclusive jurisdiction to resolve disputes. (@ Paragraph 11 **Exhibit B** - on page 8).

"**11. In the event of a dispute regarding the performance or in the interpretation of the terms and conditions as set forth in this Settlement Agreement, the Parties agree to submit to John A. Hohman for binding arbitration.**"

The case was settled, and the dismissal with prejudice was signed in 2018. In 2022, Defendant Ex-Judge Connors read the agreement, and decided that he would violate Plaintiff's right of contract and act as the Arbitrator.

94) The State Court lacked subject-matter jurisdiction to hear new causes of action post-dismissal. Defendant's judgment was issued in clear absence of jurisdiction.

95) Defendant Ex-Judge Connors was required to honor the terms of the Settlement Agreement and send Defendant Stephen Tobler's new dispute to the Arbitrator.

96) Defendant Ex-Judge Connors violated Plaintiff's rights secured by the constitution under the Color of Law.

97) All other Defendants worked in concert with Ex-Judge Connors, acting under color of state law, depriving Plaintiff of rights secured by the Constitution, including the right to contract, benefiting from a judgment and gag order (enjoining) in a case over which the court had no subject-matter jurisdiction.


## Count XIII – Abuse of Court System – Sham Motion

98) Each and every allegation above is incorporated herein.

99) Defendant attorney Joseph W. Phillips (P34063), Defendant attorney Randolph T. Barker (P62604), and Defendant Stephen Tobler, knew this court had/has no subject-matter jurisdiction prior to filing their motion.

100) These Defendant attorneys and their client knew of Case 2:20-cv-13134-LVP-RSW, or similar rules, where U.S. District Judge Linda Parker admonished and fined attorneys for filing a sham lawsuit. (Exhibit Q)

101) These Defendant attorneys and their client abused the court system by filing a sham motion, when they knew the case at issue was closed.

102) These Defendant attorneys and their client abused the court system by filing a sham motion when they knew the court lacked subject-mater jurisdiction to hear a motion for new causes of action.

103) U.S. District Judge Linda Parker stated that, "attorneys have an obligation to the judiciary, their profession, and the public (i) to conduct some degree of due diligence before presenting allegations as truth; (ii) to advance only tenable claims; and (iii) to proceed with a lawsuit in good faith and based on a proper purpose. Attorneys also have an obligation to dismiss a lawsuit when it becomes clear that the requested relief is unavailable." In this case, these Defendant attorneys and their client filed untenable motions, in bad faith, and refused to dismiss their motion when Plaintiff presented case law that the court lacked subject-mater jurisdiction.

104) These Defendant attorneys and their client acted under the Color of Law.

105) Plaintiff was harmed by these actions as described above, deprived of rights secured by the Constitution.

106) These Defendant attorneys and their client engaged in litigation practices that are abusive and, in turn, sanctionable.

107) The attorneys who filed the motion at issue, abused the well-established rules applicable to the litigation process by proffering claims not backed by law; proffering claims not backed by the settlement agreement; proffering factual allegations and claims without engaging in the required prefiling inquiry; and dragging out these proceedings even after it was too late to attain the relief sought (beyond the statue of limitations for Defamation).

108) The attorneys who filed the motion at issue, took an oath to uphold and honor our legal system. They knew the sanctity of both the courtroom and the litigation process are preserved only when attorneys adhere to this oath and follow the rules and only when courts impose sanctions when attorneys do not.

109) These Defendant attorneys and have scorned their oath, flouted the rules, and attempted to undermine the integrity of the judiciary along the way.

110) Their acts have harmed Plaintiff in the ways described. And by abusing the court system.

## VI DAMAGES / PRAYER FOR RELIEF

As a direct and proximate result of Defendants' actions, Plaintiff suffered significant harm stemming from the unlawful restraint of constitutionally protected speech. Specifically, Plaintiff was subjected to a prior restraint in the form of a gag order and was compelled to remove lawful online speech, in violation of the First and Fourteenth Amendments to the United States Constitution.

28

Plaintiff suffered harm including:

Financial losses incurred as a result of the speech suppression;

Loss of reputation and credibility due to the compelled removal of lawful public

statements;

Emotional distress, humiliation, and mental anguish resulting from the suppression of

speech and forced compliance with an unlawful order;

Time and resources expended in complying with the unconstitutional order and seeking

redress;


Plaintiff does not seek monetary damages against Current Judge Honorable Tracy E. Van

den Bergh, in their official capacity.


WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of

Plaintiff and against Defendants, jointly and severally, as follows in the amount of

$30,000,000:

- Compensatory damages To redress the actual harm suffered.

- Nominal Damages

In the alternative, or in addition, Plaintiff seeks nominal damages to vindicate the

violation of constitutional rights, even if no quantifiable economic harm is proven.

- Punitive Damages

Plaintiff seeks punitive damages against individual Defendants whose conduct was willful, malicious, or demonstrated reckless disregard for Plaintiff's constitutional rights, in order to deter similar future misconduct.

- Attorney's Fees and Costs

Pursuant to 42 U.S.C. § 1988, Plaintiff seeks reasonable attorney's fees and litigation costs incurred in pursuing this action.

- Equitable Relief

Plaintiff seeks declaratory and injunctive relief, including:

A declaration that the Court acted without jurisdiction (Exhibit O - legal argument)

A declaration that for Defendant Ex-Judge Connors, Judicial Immunity Does Not Apply (Exhibit P – legal argument);

A declaration that the gag order and compelled removal of speech were unconstitutional;

A declaration that the Defendant Judges lacked jurisdiction over settlement enforcement;

A declaration that the Defendant Judges lacked jurisdiction over a claim of defamation;

A declaration that the Defendant Judges lacked jurisdiction over anything beyond the date of the dismissal with prejudice (2018).

Declare that Defendants violated Plaintiff's constitutional rights;

Vacate the unlawful judgment and orders entered in violation of Plaintiff's constitutional rights in the case in controversy.

Unseal the case in question as it was sealed with the void order, where Plaintiff had no real opportunity to be heard, and the public has a right to know when a judge acts under the color of law.

Specifically against Current Judge Honorable Tracy E. Van den Bergh, in their official capacity - issue an injunction prohibiting Defendant from enforcing or reissuing similar orders in the future;

Enjoin all Defendants from future enforcement of unconstitutional orders and the judgements entered after 2018.

Provide any other relief the Court deems just and proper.

Plaintiff reserves the right to amend this prayer for relief as discovery progresses and additional damages are identified.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a trial by jury on all issues so triable, including but not limited to the determination of liability and the assessment of damages arising from the violations of Plaintiff's constitutional rights as alleged herein.

Respectfully submitted,

Eric Tobler
Plaintiff in Pro Per
7809 Raintree Dr.
Ypsilanti, MI 48197
(734) 480-4351

Date: Oct 21, 2025

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Eric Tobler,
Plaintiff,
v.
Judge's Timothy Connors, in their individual capacity,
Defendant.

Civil Action No. _____

AFFIDAVIT OF Eric Tobler

1. I am the Plaintiff in the above-captioned matter and make this affidavit based on personal knowledge.

2. I was the Plaintiff in a civil action filed in Washtenaw Circuit Court, Case No. 17-248-NZ, against Stephen Tobler.

3. That case was resolved through a settlement agreement and dismissed with prejudice by order dated Aug 9, 2018.

4. The dismissal order did not incorporate the settlement agreement nor did it retain jurisdiction to enforce it.

5. Despite the dismissal, Defendant Stephen Tobler filed two new claims in the same closed case:

a. A claim for breach of the settlement agreement

b. A claim for defamation based on my lawful online speech

6. I objected to both claims on the grounds that the court lacked subject matter jurisdiction, as the case had been dismissed with prejudice and no jurisdiction was retained.

7. The presiding judge, Timothy Connors, proceeded to adjudicate both claims and entered judgment against me.

8. During these proceedings, I was denied the opportunity to speak or present a defense. The judge did not conduct a meaningful hearing.

9. The judge threatened me with contempt and incarceration unless I removed lawful online speech that criticized Defendant Stephen Tobler.

10. Law enforcement officers were present in the courtroom and used physical intimidation, including rattling chains, to reinforce the threat.

11. I felt coerced, silenced, and intimidated. I removed the speech under duress.

12. I believe these actions violated my constitutional rights, including:

   - My right to due process under the Fourteenth Amendment

   - My right to free speech under the First Amendment

   - My right to a fair and impartial hearing

13. I further believe the judge acted in clear absence of jurisdiction and outside the scope of lawful judicial authority.

14. I make this affidavit in support of my complaint and request for relief.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Eric Tobler

Plaintiff in Pro Per

7809 Raintree Dr.

Ypsilanti, MI 48197

(734) 480-4351

Date: Oct 21, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| Exhibit A Dismissal 2018.pdf | Dismissal Order 2018 |
| Exhibit B Settlement Agreement.pdf | Settlement Agreement Original Case |
| Exhibit C Settlement Hearing - Judge Swartz – 4-17-18.pdf | Settlement Terms Record |
| Exhibit D Order Oct 2022.pdf | Unlawful Order 2022 |
| Exhibit E Summons & Complaint - Tobler v Tobler  3-27-17.pdf | Original Case |
| Exhibit F MCR 1.109.pdf | Michigan Statute Motions to Vacate |
| Exhibit G 2025 New Order Certify.pdf | Current Judges Order to Deny to Vacate |
| Exhibit H Mar 2022 Zoom NOH (Submitted)-1.pdf | Notice of Zoom Hearing Mar, 2022 |
| Exhibit I Arbitration Case Law.pdf | Case Law on Arbitration |
| Exhibit J Due Process Judges.pdf | Case Law on Judges |
| Exhibit K - Void Judgements.pdf | Case Law on Void Judgements |
| Exhibit L Contempt Abuse.pdf | Case Law on Contempt Abuse |
| Exhibit M – Arbitration.pdf | Case Law on Arbitration Full |
| Exhibit M2 – Arbitration Case Law.pdf | Case Law on Arbitration Short Version |
| Exhibit N – Arbitration Contempt Case.pdf | Case MI Arbitration and Contempt |
| Exhibit O - legal argument.pdf | Argument Court acted w/o jurisdiction |
| Exhibit P - Judicial Immunity Does Not Apply.pdf | Argument Ex-Judge No Immunity |
| Exhibit Q – Attorneys Sham Lawsuit.pdf | Attorney Sham Case Law |
| List of Statutes and Cases.pdf | List of Statutes and Cases |
| Affidavit.pdf | Affidavit |

STATE OF MICHIGAN

WASHTENAW COUNTY CIRCUIT COURT

ERIC TOBLER,

      Plaintiff,

v.

STEPHEN TOBLER,

      Defendant.

Case No. 17-248-NZ
Hon. Timothy P. Connors

| | |
|---|---|
| Thomas E. Daniels (P54757)<br>Martin J. Bodnar (P36679)<br>Pear Sperling Eggan & Daniels, PC<br>Attorney for Plaintiff<br>24 Frank Lloyd Wright Dr., Ste. D-2000<br>Ann Arbor, MI 48105<br>(734) 665-4441 | Darren Findling (P51350)<br>Sean M. Colonna (P77494)<br>The Darren Findling Law Firm, PLC<br>Co-Counsel for Defendant<br>414 W. Fifth St.<br>Royal Oak, MI 48067<br>(248) 399-3300<br><br>Joseph W. Phillips (P34063)<br>Conlin, McKenney & Philbrick, P.C.<br>Co-Counsel for Defendant<br>350 S. Main St., Suite 400<br>Ann Arbor, MI 48104-2131<br>(734) 761-9000 |

## STIPULATED ORDER OF DISMISSAL WITH PREJUDICE

At a session of said court held in the City of Ann Arbor, County of
Washtenaw, State of Michigan on _____ 8 | 9 ____ , 2018.

PRESENT:    HONORABLE TIMOTHY P. CONNORS
              Circuit Court Judge

This matter comes before the court pursuant to the stipulation of the parties through

their respective counsel, and the court now being fully advised in the premises;

1 of 2

**IT IS HEREBY ORDERED** that this matter is dismissed with prejudice and without costs to any party, consistent with the terms and conditions of the Arbitration Opinion dated June 25, 2018.

This Order resolves the last pending claim and closes the case.

_Timothy P. Connors_
Timothy P. Connors
Circuit Court Judge

Stipulated to and approved by:

Dated: 8/8/18

_Thomas E. Daniels_
Thomas E. Daniels (P29565)
Attorney for Plaintiff

Dated: 8/8/18

_Darren Findling_
Darren Findling (P51350)
Co-Counsel for Defendant

Dated: 8/8/18

Joseph W. Phillips w/ consent 8/8/18
Joseph W. Phillips (P34063)
Co-Counsel for Defendant

PROOF OF SERVICE
I hereby certify that I served a copy
of the foregoing document upon the
attorneys of record and/or the parties in
this case on the DATE NOTED below:
email  ~~PERSONALLY~~ on 5/9/18
FIRST-CLAS MAil on _____
VIA FAX on _____

_Teresa Killeen_

2 of 2

Eric Tobler,

17-1167-CZ   - Honorable Julia Owdziej

-vs-

15-603-DE -  Honorable Julia Owdziej

Stephen Tobler

17-248-NZ  -  Honorable Timothy Connors

Court of Appeals #343201

Thomas Daniels (P29565)

Darren Findling (P51350)

Martin J. Bodnar (P36676)

Sean M. Colonna (P77494)

Pear Sperling Eggan & Daniels, PC

The Darren Findling Law Firm, PLC

Attorneys for Eric Tobler

Attorneys for Stephen Tobler

24 Frank Lloyd Wright Drive

414 W. 5th Street

Suite D2000

Royal Oak, MI  48067

Ann Arbor, MI 48104

(248) 399-3300

(734) 665-4441

tdaniels@psedlaw.com

Sean@TheProbatePro.com

Joseph Phillips (P34063)

Conlin McKenney & Philbrick, PC

Co-Counsel for Stephen Tobler

350 S. Main Street, Suite 400

Ann Arbor, MI 48104

(734) 997-2164

Phillips@cmplaw.com

## ORDER AFTER ARBITRATION HEARING

On April 14, 2018, parties and counsel participated in a facilitative mediation and reached agreements on all outstanding issues in the above referenced proceedings.  On that same date, the parties and counsel placed the terms of their agreement on the record in the courtroom of the Hon. David Swartz.  One of the agreements placed on the record stated that if counsel and

the parties could not agree on the content of the written settlement agreement, that the undersigned (hereafter "the arbitrator") would arbitrate the dispute and determine the specific provisions of the settlement agreement.

On May 23, 2018, counsel advised the arbitrator that they were unable to agree on the terms of the settlement agreement. An arbitration hearing was scheduled for June 11, 2018, and counsel were directed by the arbitrator to submit proposed drafts of the appropriate settlement agreement by June 7, 2018. Proposed drafts were submitted to the arbitrator on June 7, 2018.

The arbitration hearing was held on June 11, 2018. Counsel for both parties had many arguments concerning the proper wording that would most accurately embody the parties' agreement. The arbitrator has addressed each of those arguments and the attached document reflects the arbitrator's decision with regard to those items. Of all the matters in dispute, there are two noteworthy items that warrant elaboration:

1. **Whether Eric Tobler may disclose information in the future regarding the Dorothy Tobler Estate.** The agreement placed on the record does specifically indicate that Eric Tobler will not publish information regarding the Dorothy Tobler Estate. See lines 1-5 p. 15 of the April 17, 2018 transcript.

2. **Whether the requirement of Eric Tobler to prevent future publications regarding Stephen Tobler et. al. (as set forth in paragraph 10. f of the attached document) is a condition precedent to the payments and conveyance of the cremains.** Mr. Findling did specifically state that Eric Tobler's action to prevent future publication was a condition precedent to the payments and conveyance of the cremains. See lines 13-18, p. 7 of the April 17, 2018 transcript. However, Mr. Daniels clarified his understanding of the agreement, by stating that "there are only two conditions precedent to the delivery of the check and the delivery of the cremains; and they are that Eric Tobler will do what's necessary to remove these postings on the internet, and they are that he will provide a list of items that were removed...after their mother died." As the settlement hearing progressed, Mr. Daniel's assertion that these were the only conditions precedent was not challenged. The discussion which ensued about future publications was limited to what Eric Tobler could and could not publish. From a practical standpoint, this makes sense. It would be impossible to require an on-going obligation to not make future publications as a condition precedent to the payments. For these reasons, the arbitrator has determined that Eric Tobler's obligation to prevent future publications is not a condition precedent to payment of the funds and delivery of the cremains.

After considering the arguments of counsel, and reviewing the proposed drafts of the settlement agreement, the arbitrator determines that the attached document most accurately reflects the agreement of the parties, as placed on the record on April 14, 2018. The arbitrator has initialed and dated each page of the attached document.

John A. Hohman, Jr. (P33143)

Arbitrator

Signed on June 25, 2018

Eric Tobler,

    -vs-

Stephen Tobler

**17-1167-CZ  - Honorable Julia Owdziej**

**15-603-DE -  Honorable Julia Owdziej**

**17-248-NZ  - Honorable Timothy Connors**

**Court of Appeals #343201**

| | |
|---|---|
| Thomas Daniels (P29565)<br>Martin J. Bodnar (P36676)<br>Pear Sperling Eggan & Daniels, PC<br>Attorneys for Eric Tobler<br>24 Frank Lloyd Wright Drive<br>Suite D2000<br>Ann Arbor, MI 48104<br>(734) 665-4441<br>tdaniels@psedlaw.com | Darren Findling (P51350)<br>Sean M. Colonna (P77494)<br>The Darren Findling Law Firm, PLC<br>Attorneys for Stephen Tobler<br>414 W. 5th Street<br>Royal Oak, MI  48067<br>(248) 399-3300<br>Sean@TheProbatePro.com<br><br>Joseph Phillips (P34063)<br>Conlin McKenney & Philbrick, PC<br>Co-Counsel for Stephen Tobler<br>350 S. Main Street, Suite 400<br>Ann Arbor, MI 48104<br>(734) 997-2164<br>Phillips@cmplaw.com |

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

**WHEREAS**, Facilitative Mediation was held between the parties hereto, Eric Tobler and Stephen Tobler (collectively referred to as the "Parties") on April 17, 2018, before Mediator John A. Hohman, Jr., at his office located at 320 N. Main Street, Suite 300, Ann Arbor, MI 48104 to facilitate the above referenced matters

**WHEREAS**, at the Facilitative Mediation, the Parties reached a global settlement in order to avoid further costs and the uncertainty of litigation.  The Parties freely and willingly desire to compromise and settle their rights, interests and obligations in connection with the *Estate of Dorothy Teresa Tobler*, deceased (Washtenaw County Probate Court File No.: 15-603-

1

JAH 25-18
10-

DE); *Eric Tobler v Stephen Tobler* (Washtenaw County Circuit Court Case No.: 17-248-NZ); Interlocutory Appeal (COA Case No.: 343201); and *Stephen Tobler v Eric Tobler* (Washtenaw County Probate Court Case No.: 17-1167-CZ), and the facts, circumstances and issues present or related to said cases/proceedings (collectively referred to as the "Lawsuits").

**IN CONSIDERATION OF THE FOREGOING RECITALS,** which recitals constitute a part of this Agreement and are incorporated by reference herein, and in consideration of the payment and terms further described herein, it is agreed as follows:

1.      The Parties to this Mutual Release and Settlement Agreement ("Settlement Agreement") acknowledge and agree that this Settlement Agreement is a compromise and settlement of disputed claims, and neither the execution of this Settlement Agreement nor the exchange of consideration required by this Settlement Agreement shall be construed as an admission of any liability, wrongdoing, or impropriety whatsoever by either of the Parties, by whom all liability, wrongdoing, or impropriety is expressly denied.

2.      Stephen Tobler shall pay Thirty Thousand Dollars and 00/100 ($30,000.00) to Eric Tobler, through Eric Tobler's counsel, Thomas Daniels, in settlement of all claims brought by Eric Tobler, subject to the condition precedent as set forth in paragraph 5.

3.      Stephen Tobler, as Personal Representative of the *Estate of Dorothy Tobler, deceased*, shall pay Seven Thousand Five Hundred Dollars and 00/100 ($7,500.00) to Eric Tobler, in full satisfaction of Eric Tobler's exempt property, pursuant to MCL 700.2404, subject to the condition precedent as set forth in paragraph 5.

4.      Stephen Tobler shall distribute the cremains of Dorothy Tobler to Eric Tobler, through his counsel, Thomas Daniels, subject to the condition precedent as set forth in

paragraph 5.  If, after delivery of the cremains to Eric Tobler, it is determined that the cremains

may not be buried in the family burial plot in Wisconsin without a signed authorization, release,

permission or similar document from Stephen, Eric, through counsel will forward said

documents to Stephen's counsel, and Stephen will sign and provide same to Eric's counsel.

     5.     As a condition precedent to the duties and obligations, as set forth in paragraphs

2, 3 and 4,

     a.  Eric Tobler shall disclose in writing to Stephen Tobler, through his counsel,

        Darren Findling, a description of all assets that he is aware of that were either

        given by Dorothy Teresa Tobler after the date of her death or taken from

        Dorothy Teresa Tobler, individually after the date of her death and/or from the

        probate estate of Dorothy Teresa Tobler after the date of her death.  Eric Tobler

        acknowledges that Stephen Tobler's agreement to settle was conditioned upon a

        full and complete disclosure of these facts by Eric Tobler to Stephen Tobler,

        through his counsel, Darren Findling.

     b.  Eric Tobler, individually and through any business he owns, operates or has an

        interest in, shall take all actions necessary to withdraw from publication any and

        all posts, notices, statements, press releases, digital press releases (or any type

        of medium meant to disseminate information)  related to the Lawsuits, any

        information regarding this Settlement Agreement, negotiations and/or matters

        that are being resolved herein or otherwise referencing Stephen Tobler or his

        family, including but not limited to, names, addresses, phone numbers, employer

        information, any information about any businesses Stephen Tobler or his family

3

JAH
6-25-18

owns or operates, Stephen Tobler's or his family's net worth, the Dorothy Tobler

probate estate and probate estate value.

6.      Upon full satisfaction of all condition precedents, as set forth in paragraph 5, the

cremains and monetary amounts, as set forth in paragraphs 2, 3 and 4 shall be delivered to Eric

Tobler's counsel, Thomas Daniels, and a dismissal, with prejudice, shall be entered with the

respective Courts for all pending litigation, including:

      a. The Complaint for intentional infliction of emotional stress, wrongful cremation,

         and tort titled *Eric Tobler v. Stephen Tobler* (Washtenaw County Circuit Court

         Case No.: 17-248-NZ), shall be dismissed with prejudice, and with no costs and

         attorney fees awarded to either party;

      b. The Complaint for conversion titled *Stephen Tobler v. Eric Tobler* (Washtenaw

         County Probate Court Case No.: 17-1167-CZ) shall be dismissed with prejudice,

         and with no costs and attorney fees awarded to either party;

      c. The Interlocutory Appeal filed by the appellant, Stephen Tobler (COA Case No.:

         343201) shall be dismissed with prejudice, and with no costs and attorney fees

         awarded to either party; and

      d. The Statement and Proof of Claim filed by Eric Tobler in the *Estate of Dorothy*

         *Teresa Tobler*, deceased (Washtenaw County Probate Court File No.: 15-603-DE),

         shall be dismissed with prejudice;

      e. Eric Tobler's interested party status in the *Estate of Dorothy Teresa Tobler*,

         deceased (Washtenaw County Probate Court File No.: 15-603-DE) shall

         terminate;

4

     f.   The *Estate of Dorothy Teresa Tobler*, deceased (Washtenaw County Probate Court File No.: 15-603-DE) shall be closed with the Washtenaw County Probate Court, and Stephen Tobler shall be discharged as Personal Representative.

7.    Attorney fees and costs shall be sole the responsibility of each respective party.

8.    Eric Tobler, his agents, attorneys, employees, heirs, successors and assigns, hereby releases and forever discharges Stephen Tobler, his agents, attorneys, employees, heirs, successors and assigns, from any and all claims or demands of any nature, kind, character or description, in law or in equity, past, present or future, which he has, may have or hereafter may have related to the Lawsuits in any manner, whether he now is aware of such claims or not, including, but not limited to claims, demands, actions, suits, damages, debts, causes of action and liabilities for bodily injury, diminished life expectancy, personal injury, conscious pain and suffering, emotional distress, loss of consortium or society, loss of use, loss of enjoyment of life, loss of opportunity, loss of services, lack of informed consent, battery, vicarious liability for the acts or omissions of any servants, employees, or actual or apparent agents, failure to settle, settlement practices, compensatory damages, punitive and exemplary damages fines, legal fees, interest and costs.  Nothing in this paragraph shall preclude the Parties from enforcing the terms of this Settlement Agreement.

9.    Stephen Tobler, his agents, attorneys, employees, heirs, successors and assigns, hereby releases and forever discharges Eric Tobler, his agents, attorneys, employees, heirs, successors and assigns, from any and all claims or demands of any nature, kind, character or description, in law or in equity, past, present or future, which he has, may have or hereafter may have related to the Lawsuits in any manner, whether he now is aware of such claims or

5

not, including, but not limited to claims, demands, actions, suits, damages, debts, causes of action and liabilities for bodily injury, diminished life expectancy, personal injury, conscious pain and suffering, emotional distress, loss of consortium or society, loss of use, loss of enjoyment of life, loss of opportunity, loss of services, lack of informed consent, battery, vicarious liability for the acts or omissions of any servants, employees, or actual or apparent agents, failure to settle, settlement practices, compensatory damages, punitive and exemplary damages fines, legal fees, interest and costs.  Nothing in this paragraph shall preclude the Parties from enforcing the terms of this Settlement Agreement.

10.   The Parties understand and agree that this Settlement Agreement is entered into on the express promise of strict confidentiality, non-disclosure and non-disparagement on the part of each party.  Accordingly, the confidentiality, non-disclosure and non-disparagement provisions of this Settlement Agreement are express and absolute conditions of this Settlement Agreement, are bargained for consideration for this Settlement Agreement, are material elements of the consideration and inducement to enter into this Settlement Agreement and are not mere recitals.  To that effect, the following confidentiality and non-disparagement provisions are expressly agreed to:

a. The Parties agree that they shall not disclose or offer to disclose, and have not disclosed, any of the terms or provisions of this Settlement Agreement, the negotiations leading to this Settlement Agreement, or any information or details concerning the Lawsuits to any person or entity.

b. The sole exceptions to the obligations under Section 10a are: (a) a disclosure required by law, court order, or subpoena (such as to a valid governmental

6

and/or regulatory agency or tribunal), b) to the attorneys of the Parties; (c) to a

tax professional; or (d) to enforce any obligations under the Settlement

Agreement. The Parties agree that if either of them receives a request,

subpoena, or a court order for testimony with respect to this settlement, they

shall immediately notify counsel for the other by telephone and/or shall send a

copy of the request, subpoena, or order by overnight courier. Counsel for Eric

Tobler is Thomas Daniels, 24 Frank Lloyd Wright Drive, Suite D2000, Ann Arbor,

MI 48104 and Counsel for Stephen Tobler is The Darren Findling Law Firm, 414

W. Fifth St., Royal Oak, MI 48067.

c. The Parties agree that to the extent they receive inquiries about the Lawsuits or

this Settlement Agreement they are authorized to say nothing other than "it has

been resolved" or similar words to that effect without disclosing any information

relating to the Lawsuits or this Settlement Agreement.

d. The Parties further agree not to disparage, make derogatory, libelous,

slanderous, defaming remarks, communications or statements, whether orally or

in writing, in any way relating to the Lawsuits or this Settlement Agreement

about one another or their families to any news media or via any type of

communication medium, or to any person or entity.

e. It is expressly understood and accepted by Eric Tobler that, as a condition of this

Settlement Agreement, Eric Tobler shall not disclose any information about

Stephen Tobler or his family, including but not limited to, names, addresses,

phone numbers, employer information, any information about any businesses

7

Stephen Tobler or his family owns or operates, Stephen Tobler's or his family's

net worth, and the Dorothy Tobler probate estate,  to any person or entity

whatsoever.   Additionally, Eric Tobler shall not, in the future, disclose the terms

or the amount of this settlement, the negotiations preceding this Settlement

Agreement, or any details of the basis for claims and litigation released in this

Settlement Agreement or otherwise related to the Lawsuits (collectively,

"confidential information"), to any person or entity whatsoever.

f.   Eric Tobler, individually and through any business he owns, operates or has an

interest in, shall take any action necessary and within his control  to prevent

future publication of any and all posts, notices, statements, press releases,

digital press releases (or any type of medium meant to disseminate information)

related to the Lawsuits, any information regarding this Settlement Agreement,

negotiations and/or matters that are being resolved herein or otherwise

referencing Stephen Tobler or his family, including but not limited to, names,

addresses, phone numbers, employer information, any information about any

businesses Stephen Tobler or his family owns or operates, Stephen Tobler's or

his family's net worth, the Dorothy Tobler probate estate and value.

11.     In the event of a dispute regarding the performance or in the interpretation of

the terms and conditions as set forth in this Settlement Agreement, the Parties agree to submit

8

to John A. Hohman for binding arbitration. An award by the arbitrator shall be binding on the Parties.

     12.    This Settlement Agreement contains the entire understanding of the Parties and there are no other promises or conditions other than those described in this Settlement Agreement. This Settlement Agreement and all other documents to be signed in conjunction with this Settlement Agreement shall be binding upon and shall benefit the Parties and their respective agents, partners, families, heirs, personal representatives, successors, and assigns.

     13.    No amendments to this Settlement Agreement or any of its provisions shall be effective unless such amendments are in writing and signed by the Parties.

     14.    The Parties agree that signatures on this Settlement Agreement, as well as any other documents to be executed under this Settlement Agreement, may be delivered by facsimile or email in lieu of an original signature, and the Parties agree to treat facsimile or email signatures as original signatures and agree to be bound by this provision. This Settlement Agreement may be executed in counterparts.

     15.    This Settlement Agreement shall be governed by and construed under the laws of the State of Michigan, without regard to choice-of-law provisions.

     16.    Each Party enters into this Settlement Agreement knowingly and willingly and is or has had the opportunity to be represented by legal counsel.  Each Party has read this Settlement Agreement and acknowledge that if they had any questions, they have been answered, and agree with the entire contents of the Settlement Agreement, knowing that it cannot be appealed or changed.



JS 44 (Rev. 03/24)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Eric Tobler

**DEFENDANTS**

Stephen Tobler, Timothy Connors, Judge Honorable Tracy E. Van den Bergh, in their official capacity

**(b)** County of Residence of First Listed Plaintiff     Washtenaw
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Washtenaw
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

Darren Findling,The Probate Pro,Findling Law,Joseph Phillips,Randolph Barker, Conlin McKenney & Philbrick P.C.

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product |     Product Liability | |     28 USC 157 |     3729(a)) |
| [ ] 140 Negotiable Instrument |     Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & |     Pharmaceutical | | **INTELLECTUAL** | [ ] 410 Antitrust |
|     & Enforcement of Judgment |     Slander |     Personal Injury | | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' |     Product Liability | | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted |     Liability | [ ] 368 Asbestos Personal | | [ ] 830 Patent | [ ] 460 Deportation |
|     Student Loans | [ ] 340 Marine |     Injury Product | | [ ] 835 Patent - Abbreviated | [ ] 470 Racketeer Influenced and |
|     (Excludes Veterans) | [ ] 345 Marine Product |     Liability | |     New Drug Application |     Corrupt Organizations |
| [ ] 153 Recovery of Overpayment |     Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 480 Consumer Credit |
|     of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets |     (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards |     Act of 2016 | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract |     Product Liability | [ ] 380 Other Personal |     Act | |     Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal |     Property Damage | [ ] 720 Labor/Management | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |     Injury | [ ] 385 Property Damage |     Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - |     Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) |     Exchange |
| |     Medical Malpractice | | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |     Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 791 Employee Retirement | | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate |     Income Security Act | **FEDERAL TAX SUITS** |     Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ |     Sentence | | [ ] 870 Taxes (U.S. Plaintiff | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability |     Accommodations | [ ] 530 General | |     or Defendant) | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party |     Act/Review or Appeal of |
| |     Employment | **Other:** | [ ] 462 Naturalization Application |     26 USC 7609 |     Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| |     Other | [ ] 550 Civil Rights |     Actions | |     State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
Violation of constitutional rights including due process and free speech

**VII. REQUESTED IN COMPLAINT:**

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $    30,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE    Oct 22, 2025

SIGNATURE OF ATTORNEY OF RECORD    *Eric Tobler*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____