# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

**Eric Tobler,** Plaintiff,

v.

Case No. 5:25-cv-13384 -JEL-APP

Hon. Judith E. Levy

**Stephen Tobler et al.,** Defendants.

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS

Plaintiff, Eric Tobler, respectfully requests that this Court deny Defendant's Motion to Quash Service of Process (ECF No. 25). Defendant's motion is procedurally defective under this Court's Local Rules and substantively meritless under both the Federal Rules of Civil Procedure and Michigan law.

As a threshold matter, Defendant's motion must be denied because **Defendant failed to seek concurrence** before filing. Local Rule 7.1(a) requires a movant to "ascertain whether the contemplated motion will be opposed" and mandates that the motion state that "there was a relevant conference" or "despite reasonable efforts specified in the statement, the movant was unable to conduct a relevant conference."

CONTROLLING AUTHORITIES

E.D. Mich. LR 7.1(a): Mandatory requirement to seek concurrence before filing.

Fed. R. Civ. P. 4(h) and 4(e)(1): Incorporating state law methods for service.

MCR 2.105(D) and (J)(3): Michigan's liberal service rules and "saving clause."

1

Bunner v. Blow-Rite Insulation Co., 162 Mich. App. 669 (1987).


STATEMENT OF FACTS

On Jan 22, 2026 Plaintiff's process server attempted service at Defendant's principal place of business. Upon arrival, the process server encountered assistant Diane Kelly. As detailed in the Affidavit of Service (**Exhibit_A_For_25_POS_Findling_Law.PDF**), the process server explicitly inquired whether the assistant was authorized to accept legal service on behalf of the corporation. The assistant affirmatively stated they were authorized to do so. Relying on this express representation of authority, the process server delivered the Summons and Complaint.


Defendant subsequently filed the instant Motion to Quash. Defendant admits in its motion that it is "in receipt of the lawsuit." Furthermore, prior to filing the motion, Defendant made no effort to contact Plaintiff's counsel to seek concurrence or resolve this perceived technicality, in direct violation of Local Rule 7.1(a).


ARGUMENT

I. The Motion Should be Denied for Failure to Seek Concurrence Under LR 7.1(a).


As a threshold matter, Defendant's motion must be denied because Defendant failed to seek concurrence before filing. Local Rule 7.1(a) requires a movant to "ascertain whether the contemplated motion will be opposed" and mandates that the motion state that "there was a relevant conference" or "despite reasonable efforts specified in the statement, the movant was unable to conduct a relevant conference."

2

The Eastern District of Michigan strictly enforces this rule to promote judicial economy. See, e.g., United States v. Ramesh, 2009 WL 817549, at *1 (E.D. Mich. 2009) (denying motion for failure to comply with LR 7.1(a)).

In an effort to facilitate the required conference, Plaintiff reached out to Defendant via email on Feb 20th, 2026 acknowledging the motion and expressing an intent to resolve the matter. Defendant has failed to respond to this outreach, effectively double-defaulting on their obligation to confer under the Local Rules. Because Defendant deprived the parties of the opportunity to resolve this technical dispute without Court intervention, the motion is procedurally defaulted.

II. Service Was Proper Under the Doctrine of Apparent Authority.

Defendant argues that service on an assistant is per se ineffective. This is incorrect. Under Michigan law, incorporated via Fed. R. Civ. P. 4(e)(1), service is proper on a "director, trustee, or person in charge of an office." MCR 2.105(D)(1).

When an employee in an office represents to a process server that they are authorized to accept service, they are cloaked with apparent authority. Michigan courts have upheld service in such circumstances. In Bunner v. Blow-Rite Insulation Co., 162 Mich. App. 669 (1987), the court held that service was effective where the process server served an employee who "demonstrated such a degree of control over the affairs of the corporation" that it was reasonable to believe they were in charge. Here, the assistant's express statement of authority to the process server satisfies this standard.

3

III. Under MCR 2.105(J)(3), Actual Notice Forbids Quashing Service.

Even if the Court found a technical defect in the method of service, Michigan's "Saving Clause" dictates that service should not be set aside. MCR 2.105(J)(3) provides:

"An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided by these rules for service."

The Michigan Supreme Court has clarified that this rule "forgives errors in the manner or content of service of process." Hill v. Frawley, 155 Mich. App. 611 (1986). Defendant admits it is in actual receipt of the lawsuit. Because the purpose of Rule 4—notice—has been achieved, "the court should not quash service on a mere technicality." Holliday v. Townley, 189 Mich. App. 424 (1991).

IV. Quashing Service Would Result in a Pointless Waste of Judicial Resources.

Granting Defendant's motion would serve no purpose other than delay. If this Court quashes service, Plaintiff will simply re-serve the same papers on a different corporate agent at the same address. Defendant is already aware of the claims and is already represented by counsel. Quashing service would run contrary to Fed. R. Civ. P. 1, which mandates the "just, speedy, and inexpensive determination of every action."

CONCLUSION

Defendant's motion is a triumph of form over substance, filed in violation of this Court's Local Rules. Because Defendant has actual notice and the process server relied on an express representation of authority, Plaintiff respectfully requests that this Court DENY Defendant's Motion to Quash.

Respectfully submitted,

**Plaintiff Eric Tobler**

**7809 Raintiree Dr**

**Ypsilanti MI 48197**

**734-480-4351**

**eric@erictobler.com**

**Feb 24. 2026**

CERTIFICATE OF SERVICE
I hereby certify that on Feb 4, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the Pro Se upload system which will send notification of such filing to all counsel of record.

By: Eric Tobler