UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC TOBLER,

Plaintiff,

v.

STEPHEN TOBLER, *et al*.,

Defendants.

Case No. 25-13384
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

## ORDER GRANTING THE DARREN FINDLING LAW FIRM'S MOTION TO QUASH SERVICE AND WARNING PLAINTIFF ABOUT IMPROPER USE OF AI (ECF NO. 25)

### I.    Introduction and Background

In October 2025 pro se Plaintiff Eric Tobler filed this case, suing several defendants under 42 U.S.C. § 1983, including "the Probate Pro" and "Findling Law" (collectively, "the firm").  ECF No. 1, PageID.1-2.  In February 2026, the Honorable Judith E. Levy extended the service deadline for serving defendants until March 13, 2026.  ECF No. 23, PageID.252.  Judge Levy then referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 50.

1

The firm states that its correct name is the "Darren Findling Law Firm" and that the Probate Pro is its registered assumed name.  The firm moves to quash service of the summons and complaint under Federal Rule of Civil Procedure 12(b)(5).  ECF No. 25.  The Court **GRANTS** the motion.

## II.     Analysis

### A.

A defendant may assert the defense of insufficient service of process under Rule 12(b)(5).  The plaintiff bears the burden of proving that service was proper.  *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006).  In deciding whether a plaintiff has met that burden, the "court may refer to record evidence in determining the sufficiency of service."  *Id.*  Courts may also consider "[f]acts as attested to in uncontroverted affidavits."  *Id.* (cleaned up).  Courts have broad discretion in deciding under Rule 12(b)(5) whether to dismiss an action for failure to serve or to retain the case but quash service.  *Voice Sys. Mktg. Co. v. Appropriate Tech. Corp.*, 153 F.R.D. 117, 129 (E.D. Mich. 1994). The firm requests only the latter relief—that the Court order Tobler to effectuate proper service.  ECF No. 25, PageID.265.

Federal Rule of Civil Procedures 4(h) allows plaintiffs to serve corporations, partnerships, and unincorporated associations:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Tobler filed a proof of service indicating that "Findling Law" and "The Probate Pro" were served by his process server in January 2026:

> I served the summons on (name of individual) Diane Kelly, Assistant, who is designated by law to accept service of process on behalf of (name of organization) The Probate Pro on (date) Thu, Jan 22, 2026;
>
> . . . .
>
> I served the summons on (name of individual) Diane Kelly, Assistant, who is designated by law to accept service of process on behalf of (name of organization) Findling Law on (date) Thu, Jan 22, 2026;

ECF No. 19, PageID.243-244.

The firm states that the receptionist identified in the proof of service was not authorized to accept service of process on its behalf. ECF No. 25, PageID.260. It contends that Tobler never personally served a summons and complaint on an officer, managing agent, general agent, or any other agent authorized by appointment of law to receive process on its behalf. *Id.*

3

Tobler responds that his "process server encountered assistant Diane Kelly" when he arrived at the firm, and "the process server explicitly inquired whether the assistant was authorized to accept legal service on behalf of the corporation.  The assistant affirmatively stated they [sic] were authorized to do so."  ECF No. 33, PageID.326.  Tobler then asserts:

> When an employee in an office represents to a process server that they are authorized to accept service, they are cloaked with apparent authority. Michigan courts have upheld service in such circumstances. In Bunner v. Blow-Rite Insulation Co., 162 Mich. App. 669 (1987), the court held that service was effective where the process server served an employee who "demonstrated such a degree of control over the affairs of the corporation" that it was reasonable to believe they were in charge. Here, the assistant's express statement of authority to the process server satisfies this standard.

*Id*., PageID.327.

But Tobler provides no factual support for his assertion that Diane Kelly told his process server that she was authorized to accept service on behalf of the firm.  And the firm's reply brief notes that Tobler's reliance on *Bunner* is worse than just misplaced; Tobler included a fake quote and holding.

> Plaintiff hallucinates the holding and his quote from *Bunner*. *Bunner* involved the issue of whether service of process under the Michigan Court Rules was proper on a bankruptcy trustee where the defendant corporation was defunct.  *Bunner* is not controlling or relevant to any of the issues here.  Further, the

4

Court should be wary of Plaintiff's hallucinated legal authority going forward.

ECF No. 36, PageID.367.

Tobler has not met his burden of showing that he properly served the firm so the Court orders him to do so.[1]

**B.**

The Court is troubled by the so-called "legal authority" cited in Tobler's response.  As the firm noted, Tobler's response brief includes a false quote from *Bunner* and that opinion did not address the issue relevant here.  Tobler's fake quotation and holding likely resulted from him using generative artificial intelligence (AI) without confirming its accuracy.

Courts and opposing parties are burdened by the careless use of AI by pro se filers.

> Litigants who simply file the material that AI tools generate, without carefully reviewing it first for accuracy, have the potential to swamp courts with what appear at first glance to be legal arguments built on law and precedent, but which are in fact nothing of the sort. And not only are these problems in their own right, but they also heighten the two concerns the Court highlighted above—that defendants will be forced to spend more time and incur more costs parsing through copious baseless filings to defend an action, and that Courts will waste

---

[1] Tobler also asserts that quashing service would be pointless because the Firm is aware of this lawsuit.  ECF No. 33, PageID.328.  But "actual knowledge and lack of prejudice cannot take the place of legally sufficient service."  *LSJ Inv. Co. v. O.L.D., Inc.,* 167 F.3d 320, 324 (6th Cir. 1999).

precious time doing the same in ruling on motions and moving matters along.

*Muhammad v. Gap Inc.*, No. 2:24-cv-3676, 2025 WL 1836657, at *14 (S.D. Ohio July 3, 2025)).  The Sixth Circuit recently emphasized that "even a single fake case can be sanctionable" and that "citing fake cases can harm the reputation of judges and courts whose names are falsely invoked as author of the bogus opinions and the reputation of a party attributed with fictional conduct."  *Whiting v. City of Athens Tennessee*, 170 F. 4th 455, 461 (6th Cir. 2026) (cleaned up).

District courts may sanction the misuse of AI under Federal Rule of Civil Procedure 11 and their inherent authority.  *Hardy v. Whittaker*, __ F.R.D. __, 2026 WL 575225, at *10-*11 (E.D. Mich. Mar. 2, 2026).  Tobler is warned that further misuse of AI may result in sanctions as described below.

### III.    Conclusion

The Court **GRANTS** the motion and quashes service of the firm, **EXTENDS** the time for service until May 29, 2026, **DIRECTS** the Clerk to re-issue the summons for the Darren Findling Law Firm, and **ORDERS** Tobler to effect proper service upon the Darren Findling Law Firm by May 29, 2026.

The Court also **ORDERS** Tobler to review all briefs and motions he has filed thus far to confirm the accuracy of each legal citation, and any quoted language, and that each case cited stands for its asserted proposition.   And in each of his future filings in this case, Tobler must include a written certification that he has personally checked each legal citation and quote for accuracy, and that he confirmed that the cited cases stand for their asserted propositions.  *See Everett J. Prescott, Inc. v. Beall*, No. 1:25-cv-00071, 2025 WL 2084353, at *2 (D. Me. July 24, 2025); *Evans v. Robertson*, No. 24-cv-13435, 2025 WL 2737446, at *5 (E.D. Mich. Sept. 25, 2025).  Any document Tobler that files without the required certification will be stricken.

The Court **WARNS** Tobler that he will be sanctioned if other filings include fake citations, quotations, or holdings.  The available sanctions include involuntary dismissal with prejudice and the imposition of monetary fines or awards.  *Hardy*, __ F.R.D. __, 2026 WL 575225, at *10-*11.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 7, 2026

7

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 7, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager

8