UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC TOBLER, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN TOBLER, *et al*., <br><br> Defendants. | Case No. 25-13384 <br> Honorable Judith E. Levy <br> Magistrate Judge Elizabeth A. Stafford |

**ORDER ABOUT SERVICE
ON CONNORS, DARREN FINDLING, AND
DARREN FINDLING LAW FIRM
(ECF NOS. 60, 63)**

Pro se Plaintiff Eric Tobler filed this action in October 2025, suing many defendants, including retired judge Timothy Connors, attorney Darren Findling, and his law firm.  ECF No. 1, PageID.1.  At Tobler's request, the Honorable Judith E. Levy extended the time for service until March 13, 2026.  ECF No. 23, PageID.252.  Judge Levy then referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 50.

This Court granted the Darren Findling Law Firm's motion to quash service of the firm, extended the time for service until May 29, 2026, and

directed the Clerk to re-issue the summons for the firm.  ECF No. 56.  It also denied Tobler's motion to treat Connors as served but extended the time for serving Connors until May 29, 2026, and directed the Clerk to re-issue the summons for Connors. ECF No. 60.  And the Court ordered Tobler to show cause why his claims against Defendant Darren Findling should not be dismissed for failure to effect timely service.  *Id*., PageID.698.

In response, Tobler filed a "Motion to Show Cause Motion To Reissue Summons and for Extension of Time."  ECF No. 63.  He suggests that he did not receive Judge Levy's order granting his motion to extend the time for service.  *Id*., PageID.712 ("Looking at the docket/document history, the court GRANTED Plaintiff's motion on Feb 11, 2025 [ECF 23]. But there is no entry that the order was sent to Plaintiff.").  Yet, Judge Levy's order included a proof of service stating that it was served "upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses."  ECF No. 23, PageID.253.

Tobler also asserts that he has not yet received re-issued summonses for Connors or Darren Findling from when Judge Levy extended the time for service in February.  *Id*., PageID.712.  He is right, as he did not ask the Court to re-issue or extend the summonses in his

motion.  ECF No. 17; ECF No. 23, PageID.252.  Tobler also claims he has not received the re-issued summons for Connors related to this Court's recent order, noting that he relies on the court to send rulings to him.  ECF No. 63, PageID.712.  But the docket shows that the re-issued summonses for Darren Findling and Connors were mailed to Tobler at the address he has provided and have not been returned to the Court.  The Court thus presumes that the mail was delivered to Tobler's address.  *See Par. v. Braggs*, No. 1:23-CV-00053, 2024 WL 1706126, at *1 (M.D. Tenn. Apr. 19, 2024), *adopted,* No. 1:23-CV-00053, 2024 WL 2262673 (M.D. Tenn. May 17, 2024) ("Because the Court's mail to Plaintiff Hicks was not returned as undeliverable, the Court presumes that it was received by Hicks.").

But Tobler has not yet filed proof that he served Connors, Darren Findling, or the Darren Findling Law Firm.  The Court **ORDERS** the Clerk to extend the summonses for those defendants, mail them to Tobler, **and make them available so that Tobler can personally pick them up from the Clerk's Office**.  The Court **ORDERS** that Tobler must serve those defendants by **July 6, 2026,** or face dismissal of the unserved defendants for failure to prosecute.  No more extensions will be granted absent extraordinary circumstances.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 4, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 4, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager

4