UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC TOBLER,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN TOBLER, *et al.*,<br><br>Defendants. | Case No. 25-13384<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS, AND TO DENY PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND TO STAY FOR LACK OF JURISDICTION (ECF NOS. 28, 32, 44, 46, 66)**

## I. Introduction and Background

Pro se Plaintiff Eric Tobler sues under 42 U.S.C. § 1983. The Honorable Judith E. Levy referred the cases to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 50. The defendants who have appeared in this case—Stephen Tobler, the Honorable Tracy Van den Bergh, Conlin, McKenney & Philbrock, P.C., Joseph W. Phillips and Randolph Barker—move to dismiss the claims against them under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). ECF No. 28; ECF No.

32; ECF No. 44. Plaintiff moves both for a preliminary injunction and to stay the case pending a parallel post-judgment motion he filed in state court. ECF No. 46; ECF No. 66.

The Court **RECOMMENDS** that defendants' motions to dismiss be **GRANTED** and that plaintiff's motions be **DENIED FOR LACK OF SUBJECT MATTER JURISDICTION.**

## II. Background

Plaintiff seeks a redo of a suit he long ago settled with Stephen in Washtenaw County Circuit Court, Case Number 17-000248-NZ, assigned to the Honorable Timothy P. Connors. Stephen was represented in that case by attorney Darren Findling and his self-named firm, and attorneys Phillips and Barker of McKenney & Philbrock, P.C. (collectively, "Stephen's attorneys"). After facilitative mediation, plaintiff and Stephen entered a mutual release and settlement agreement, resolving the Washtenaw County and other state-court cases. ECF No. 1, PageID.42.

Among other terms of the settlement, plaintiff agreed not to publish statements about the lawsuits and resolved matters, including "any information about any business Stephen Tobler or his family owns or operates, Stephen Tobler's or his family's net worth, the Dorothy Tobler probate estate and probate estate value." *Id.*, PageID.44-45. The

agreement also included confidentiality and non-disparagement provisions. *Id.*, PageID.47-49. In August 2018, Judge Conners entered a stipulated order of dismissal. ECF No. 1, PageID.37-38.

Two years later, Stephen filed a post-judgment motion for contempt, injunctive relief, and for sanctions, claiming that plaintiff had breached the terms of the settlement agreement. ECF No. 8. The motion was resolved in October 2022, when Judge Connors entered a stipulated order for plaintiff to comply with the terms of the settlement agreement and to remove violative material from the internet and his social media accounts. *Id.*, PageID.99. Plaintiff and his attorney were among those who signed the stipulated October 2022 order, but plaintiff moved for reconsideration of that order almost three years later. *Id.*; ECF No. 11. The Honorable Tracy E. Van den Bergh, who was assigned the case after Judge Connors retired, denied plaintiff's motion for reconsideration in August 2025. *Id.*

Two months after Judge Van den Bergh denied reconsideration, plaintiff filed this action against his brother Stephen; Judge Conners; Judge Van den Bergh; and Stephen's attorneys. ECF No. 1, PageID.1-4. Plaintiff's many claims include allegations that defendants violated his due process and First Amendment rights, and that the Washtenaw County judgment was unlawful. *Id.*, PageID.11-28.

Defendants' motions to dismiss should be granted and plaintiff's complaint should be dismissed under the *Rooker-Feldman* doctrine.

## III. Analysis

A plaintiff must show that the court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," or that jurisdiction is proper because of the diversity of citizenship of the parties. 28 U.S.C. §§ 1331, 1332. Plaintiff claims that the Court has federal question jurisdiction under § 1331 because he alleges that defendants violated his constitutional rights. ECF No. 1, PageID.3. But the Court agrees with the moving defendants that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

To apply that doctrine, the Court first must address whether the stipulated order of dismissal was a state-court judgment. "The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257[1] vests sole

[1] "Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States." § 1257(a).

jurisdiction to review such claims in the Supreme Court." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923)). A state court "order" qualifies as a "judgment" under *Rooker-Feldman* if the "state court addressed the claim on the merits." *RLR Invs., LLC v. City of Pigeon Forge, Tennessee*, 4 F.4th 380, 389 (6th Cir. 2021). The stipulated dismissal order here was a "judgment" because it addressed the parties' claims on the merits.

The next question is whether this action falls within the scope of *Rooker-Feldman*. The doctrine is "limited in scope" and does not "bar 'a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *Exxon Mobil*, 544 U.S. at 282). "The *Rooker-Feldman* inquiry is straightforward: We look at the 'source of the injury the plaintiff alleges in the federal complaint,' and if the source is anything other than 'the state-court judgment itself,' then *Rooker-Feldman* does not apply." *Kitchen v. Whitmer*, 106 F.4th 525, 535 (6th Cir. 2024) (quoting *VanderKodde*, 106 F.4th at 402). Put differently, if the plaintiff "would only prevail on [his] § 1983 claims or [his] constitutional claims if the state court

were wrong," then the state court "[o]rder is the source of the injury," and the *Rooker-Feldman* doctrine applies. *RLR Invs.,* 4 F.4th at 388.

A straightforward review of plaintiff's claims for relief reveals that his only alleged source of injury is the Washtenaw County stipulated order of dismissal. His claimed injuries arise from the "gag order" included in that order. ECF No. 1, PageID.28, 44-49. And on top of the request for $30 million in compensatory damages, plaintiff asks the Court to declare that Judge Connors acted without jurisdiction; to declare that the "gag order and compelled removal of speech were unconstitutional"; to "[v]acate the unlawful judgment and orders entered in violation of Plaintiff's constitutional rights in the case in controversy"; and to enjoin enforcement of the Washtenaw County judgment. *Id.*, PageID.30-31. Plaintiff alleges no source of injury other than the Washtenaw County judgment that made the settlement agreement enforceable. He could prevail only if this Court found that the stipulated order of dismissal was wrong.

Thus, the *Rooker-Feldman* doctrine applies, and this Court lacks subject matter jurisdiction over plaintiff's claims as well as his pending motions to stay and for injunctive relief.

## IV. Conclusion

The Court **RECOMMENDS** that defendants' motion to dismiss be **GRANTED.** Because the Court lacks subject matter jurisdiction over this action, plaintiff's complaint (ECF No. 1) should be **DISMISSED WITHOUT PREJUDICE**[2] and his motions (ECF No. 46; ECF No. 66) should be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 15, 2026July 15, 2026

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are

[2] A dismissal for lack of subject matter jurisdiction is without prejudice. *Simpson-Vlach v. Michigan Dep't of Educ.*, 616 F. Supp. 3d 711, 739 (E.D. Mich. 2022).

preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as “Objection #1,” “Objection #2,” etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as “Response to Objection #1,” “Response to Objection #2,” etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court’s ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 15, 2026.

s/Julie Owens
JULIE OWENS
Case Manager