**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Eric Tobler,

Plaintiff,

v.

Stephen Tober, *et al.*,

Defendants.

Case No. 25-13384

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

_________________________________/

**ORDER STRIKING PLAINTIFF'S OBJECTIONS [79], ADOPTING THE REPORT AND RECOMMENDATION [76], AND DENYING PLAINTIFF' MOTION TO AMEND [77]**

On July 15, 2026, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R") recommending that Defendants' motions to dismiss (ECF Nos. 28, 32, 44) be granted and that Plaintiff's motions for preliminary injunction and to stay (ECF Nos. 46, 66) be denied. (ECF No. 76.)

Plaintiff filed objections to the R&R. (ECF No. 79.) Although the time for filing responses to Plaintiff's objections has not yet expired, the Court finds that Plaintiff's objections must be stricken and will not wait for responses.

Plaintiff's objections are stricken from the record for failure to follow Judge Stafford's order. On May 7, 2026, Judge Stafford warned Plaintiff that his previous submissions to the Court contained nonexistent cases and quotations that "likely resulted from him using generative artificial intelligence (AI) without confirming its accuracy." (ECF No. 56, PageID.686–687.) Judge Stafford ordered that "in each of his future filings in this case, [Plaintiff] must include a written certification that he has personally checked each legal citation and quote for accuracy, and that he confirmed that the cited cases stand for their asserted propositions." (*Id.* at PageID.688.)

Plaintiff's filing does not contain this required written certification. It states,

> 1. This Court directed Plaintiff to verify that all cases and legal authorities cited in Plaintiff's filing are accurate, active, and legally on point.
>
> 2. Plaintiff has verified that all legal citations in the last filings refer to genuine, existing judicial decisions.

(ECF No. 79, PageID.886.) This is insufficient and does not conform to Judge Stafford's May 7, 2026 order. Plaintiff's statement only refers to "the last filings," not <u>this</u> filing. (*Id.*) Nor does the statement certify or

verify that any legal authorities "stand for their asserted propositions." (ECF No. 56, PageID.688.)

Judge Stafford's order was clear that Plaintiff must include the ordered certification in all future filings, with no exceptions. Plaintiff was warned that "[a]ny document [Plaintiff] [ ] files without the required certification will be stricken." (*Id.*) Thus, Plaintiff's objections (ECF No. 79) are stricken and not a part of this record.[1]

The parties were required to file specific written objections, if any, within 14 days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d). That deadline has passed. The Court carefully reviewed the R&R and concurs in the reasoning and result. As such, the Court will adopt the R&R. (ECF No. 76.)

Finally, Plaintiff filed a motion to amend his response to Stephen Tobler's motion to dismiss. (ECF No. 77.) On May 7, 2026, Judge Stafford

---

[1] Even if Plaintiff's objections had been considered, they would not be sufficient. Plaintiff's objections are far from sufficiently supported. Although Plaintiff argues that his case is not barred by the *Rooker-Feldman* doctrine, he does not provide any support for those arguments. "It is not the court's job to conduct research, marshal evidence, or make a party's arguments for him." *Smart v. The Professional Group*, No. 25-11833, 2026 WL 2019869, at *9 (E.D. Mich. July 13, 2026) (quoting *Rayyan v. Sharpe*, No. 1:08-CV-324, 2008 WL 4601427, at *7 (W.D. Mich. Oct. 15, 2008)).

issued an order for Plaintiff "to review all briefs and motions he has filed thus far to confirm the accuracy of each legal citation, and any quoted language, and that each case cited stands for its asserted proposition." (ECF No. 56, PageID.688.) In his motion to amend filed on July 15, 2026, Plaintiff requests leave to amend his response to Stephen Tobler's motion to dismiss to replace one citation. (ECF No. 77, PageID.856.) The basis for this proposed amendment is to "provide the Court with the most accurate, streamlined, and relevant legal analysis." (*Id.* at PageID.855.)

This motion to amend is denied. Plaintiff did not seek concurrence for his motion pursuant to Eastern District of Michigan Local Rule 7.1(a). Additionally, Plaintiff's proposed correction does not relate to factitious citations resulting from imprudent use of generative AI, but only seeks to improve his argument months after the original filing and also after Judge Stafford's order for him to review his briefs.

For the reasons set forth above,

Plaintiff's motion to amend his response to Stephen Tobler's motion to dismiss (ECF No. 77) is DENIED;

Plaintiff's objections (ECF No. 79) are STRICKEN;

The R&R (ECF No. 76) is ADOPTED;

Defendants' motions to dismiss (ECF Nos. 28, 32, 44) are GRANTED;

Plaintiff's motion for preliminary injunction (ECF No. 46) is DENIED AS MOOT;

Plaintiff's motion for a stay (ECF No. 66) is DENIED AS MOOT; and,

Plaintiff's complaint (ECF Nos. 1, 65)[2] is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: August 11, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

[2] Plaintiff's amended complaint filed on May 29, 2026 is "the operative complaint" and solely corrects a citation in the original complaint that "could not be verified." (*See* ECF No. 68.)

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 11, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager